[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10720
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-14380-JEM

CURTIS NETTLES,

Plaintiff-Appellant,

versus

NEW HORIZONS OF THE TREASURE COAST, INC.,
DR. MENDOZA,
NURSE CATHY,
SERGEANT JACKSON,
DEPUTY FERENCZ,
DEPUTY HARLESS,
DEPUTY SHERIFF JOHN DOE,
ST. LUCIE COUNTY, SHERIFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2014)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Curtis Nettles, proceeding *pro se* and *in forma pauperis*, appeals the District Court's dismissal of his complaint in this case, a civil rights action for injunctive relief and damages under 42 U.S.C. § 1983 alleging that he suffered cruel and unusual punishment at the hands of the defendants while a pretrial detainee in the St. Lucie County, Florida, jail on March 12, 2011, in violation of the Due Process Clause of the Fourteenth Amendment.[1] .

The District Court dismissed Nettles's complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2).  Under the PLRA, § 1915(e)(2), a district court may dismiss an action at any time if it determines that the action, filed by a person proceeding *in forma pauperis*, fails to state a claim.  28 U.S.C. § 1915(e)(2).  We review the dismissal under the standard that governs the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).  To state a claim, a plaintiff must "provide the 'grounds' of his 'entitlement to relief' [which]  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[1] The complaint seeks relief for a violation of the Eighth Amendment.  The Eighth Amendment is applicable to the States under the Due Process Clause of the Fourteenth Amendment.  *See Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010).  We thus treat the claim as having been brought under the Due Process Clause, since pretrial detainees enjoy under that clause the protection convicted prisoners enjoy against cruel and unusual punishment. *Cottrell v. Caldwell*, 85 F.3d 1480 (11th Cir. 1996).

2

555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  The facts as plead in a complaint must state a claim for relief that is plausible on its face to avoid dismissal for failure to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

Nettles's complaint alleges the following facts:  On March 12, 2011, he was confined in the St. Lucie County Jail. (*Id.* at 5). While conducting an observation of Nettles, Deputy John Doe saw him rip off a piece of his mattress and attempt to tie it around his neck.  Deputies John Doe, Ferencz, and Harless then entered the cell and removed the mattress.  At that point, Deputy John Doe observed Nettles pick up an item from behind his cell wall and rub the item against the wall.  Deputy John Doe ordered Nettles to give him the item, a screw.  (*Id.*).  When he refused, the deputy radioed for Sgt. Jackson, who had been informed that Nettles was to be given a shot of medication by Nurse Cathy, as ordered by Dr. Mendoza.  (*Id.* at 5-6).  Once at Nettles's cell, Sgt. Jackson ordered him to hand over the screw, and he complied.  (*Id.* at 6).  Sgt. Jackson and deputies John Doe, Ferencz, and Harless then entered the cell and forcibly pinned down Nettles, who was nude.  (*Id.* at 6-7).  Nurse Cathy entered the cell and asked him if she could give him an injection.  (*Id.* at 7).  At that point, he became "very upset and started to cry and scream, 'No!'"  Nurse Cathy then performed the injection, and he was escorted to another cell while his cell was searched for contraband.  (*Id.*).

3

The complaint alleges that Nettles was denied due process of law in the following ways:  (1) Sgt. Jackson and deputies John Doe, Ferencz, and Harless used excessive force against him, causing "pain, suffering, physical injury, fear, shock and emotional distress"; (2) Sgt. Jackson witnessed the deputies' actions and failed to correct their misconduct; (3) Nurse Cathy injected Nettles against his will with non-court-ordered, non-prescribed medication; and (4) Dr. Mendoza ordered the injection of a psychotropic medication.  (*Id.* at 8-9).

To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  The facts as pleaded in a complaint must state a claim for relief that is plausible on its face to avoid dismissal for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

The use of force against a pretrial detainee is deemed excessive if it "shocks the conscience," meaning that it is applied "maliciously and sadistically to cause harm."  *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009).  We evaluate five factors in ascertaining whether force was used maliciously and sadistically: (1) the extent of the injury; (2) the need for the use of force; (3) the relationship

4

between that need and the amount of force used; (4) efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials. *Id.* Additionally, the forcible injection of medication into a non-consenting person's body creates a substantial interference with that person's liberty. *Washington v. Harper*, 494 U.S. 210, 229, 110 S.Ct. 1028, 1041, 108 L.Ed.2d 178 (1990). Under the Due Process Clause, detainees possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Id.* at 221-22, 110 S.Ct. at 1036. Nevertheless, because of the requirements of the prison setting, prison officials are permitted to forcibly treat a mentally ill inmate with antipsychotic drugs "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227, 110 S.Ct. at 1039-40.

Nettles's complaint alleges that he suffered "pain, suffering, physical injury, fear, shock and emotional distress" when jail officers used excessive force to hold him down while a nurse gave him an injection, as ordered by a doctor. Assuming that the allegations are true, the defendants' conduct fails to plausibly rise to the level of excessive force, that is, force intended to maliciously and sadistically cause harm. *Fennell*, 559 F.3d at 1217. First, the complaint does allege various injuries, they are described in general terms that, without more detail beyond "physical injury" and "emotional distress," do not establish anything beyond *de*

5

*minimis* injuries. *Fennell*, 559 F.3d at 1217; *see also Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (holding that pleadings must include more than labels and mere conclusions). Second, the complaint indicates that the jail officers forcibly restrained him for a legitimate medical purpose, as a medical professional, Dr. Mendoza, had ordered an injection of medication on account of Nettles's earlier attempt to tie a piece of mattress around his neck and his initial refusal to hand over a screw to jail officers. Third, the jail officers restrained Nettles solely for the injection, as the pleadings stated that he was escorted to another cell once the injection had been performed. *Fennell*, 559 F.3d at 1217. Fourth, the complaint shows that the defendants made efforts to temper the severity of any use of force, as Nurse Cathy initially sought Nettles's cooperation by asking him whether she could give him an injection. *Fennell*, 559 F.3d at 1217. Finally, based on Nettles's own behavior as the complaint describes it, the defendants reasonably would have perceived that Nettles threatened harm to himself or the prison's staff. *Fennell*, 559 F.3d at 1217.

In his brief on appeal, Nettles argues that he had been complying with the jail officers prior to being restrained, thus making the officers' conduct an unnecessary use of force. Appellant's Br. at 21. However, while the complaint suggests that Nettles did not put up a struggle following his surrender of the screw, his initial refusal to give up the screw—coupled with his earlier attempt to tie a

piece of mattress around his neck, and his screaming and crying during the injection—could have given the defendants a reasonable belief that Nettles could harm himself or the prison staff. *Fennell*, 559 F.3d at 1217. Hence, in light of the five factors stated above, the defendants' efforts to restrain Nettles do not "shock the conscience," and the complaint therefore failed to state a claim for an unconstitutional use of excessive force. *Fennell*, 559 F.3d at 1217.

The District Court properly dismissed Nettles's complaint. It also denied Nettles's leave to amend his complaint. We find no abuse of discretion in that ruling.

Nettles's proposed amendment shows that his amended complaint would be subject to dismissal because it does not state plausible claims for which he would be entitled to relief. *See Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1949-50. First, the proposed amendment includes statements of fact alleging that he had complied willingly with the jail officers when surrendering the screw, that he had not posed a threat to anyone's safety while in his cell, that he had been ordered to lie down on the floor by the officers, and that he had been "forcibly, unreasonably restrained." While these statements further clarify that Nettles was not physically struggling against the officers immediately prior to being restrained, his original pleading still demonstrates that he presented a threat to himself that reasonably justified such restraint, in particular his prior attempt to tie a piece of mattress around his neck,

and his crying and screaming when Nurse Cathy prepared to give him an injection.

Further, he has an obligation to offer more specific facts beyond such conclusory

descriptions as "forcibly, unreasonably restrained." *See Twombly*, 550 U.S. at 555,

127 S.Ct at 1964-65.  Hence, these amendments would fail to demonstrate that the

officers' actions were uses of excessive force, or that his due process rights had

been violated. *See Harper*, 494 U.S. at 229, 110 S.Ct. at 1041; *Fennell*, 559 F.3d

at 1217.

The proposed amendment attempts to further describe the injuries he

allegedly suffered at the hands of the defendants, stating that: (1) the injected

medication was an unreasonable risk because it had been administered when he no

longer posed a threat; (2) the defendants' actions caused pain and suffering; (3) he

experienced fear of an attack; and (4) the assault resulted in a "serious enough

amount" of pain and suffering to qualify as a constitutional violation.  However, as

before, the amendment would not prevent Nettles's complaint from being

dismissed for failure to state a claim.  Regarding his claim of excessive use of

force, the new allegations merely provide conclusory statements rather than

specific details as to the extent of the injuries involved. *See Twombly*, 550 U.S. at

555, 127 S.Ct at 1964-65; *Fennell*, 559 F.3d at 1217.  Finally, the additional

claim—that his arbitrary and unfair treatment at the hands of the defendants

8

deprived him of due process in violation of the Fourteenth Amendment—would be redundant.

Concluding that the complaint failed to state a claim for relief and that the District Court did not abuse its discretion in denying Nettles's leave to amend, its judgment is

AFFIRMED.